IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LITTLE & GORGEOUS INC., | § | |
| *Plaintiff,* | § § § | 5:23-CV-00533-MA-RBF |
| vs. | § § | |
| WILD TRIBE SCREEN PRINTS LLC, ALYSSA TRINIDAD, | § § § § | |
| *Defendants.* | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Micaela Alvarez:**

This Report and Recommendation concerns the Motion for Sanctions for Spoliation of Evidence filed by Plaintiff Little & Gorgeous, Inc. *See* Dkt. No. 66 & 80 (sealed version). This case was referred for disposition of all pretrial matters, pursuant to Rule CV-72 and Appendix C of the Local Rules for the United States District Court of the Western District of Texas. *See* Dkt. No. 88. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, a default judgment should be entered against individual Defendant Alyssa Trinidad.

**Factual and Procedural Background**

Plaintiff Little & Gorgeous Inc. d/b/a Wild & Gorgeous d/b/a Wild & Gorgeous Transfers ("L&G") commenced this lawsuit against corporate defendant Wild Tribe, owned by Wendy Howton, and individual defendant Alyssa Trinidad a/k/a Alyssa Terrazas (collectively referred to as "Defendants") asserting claims of trademark infringement in violation of 15 U.S.C. § 1114 and

unfair compensation in violation of 14 U.S.C. § 1125(a)(1)(A) as well as Texas common law claims of trademark infringement, unfair compensation, and unjust enrichment. *See* Dkt. No. 1 at 22-26.

On August 20, 2025, L&G filed its Motion for Sanctions for Spoliation, urging the Court to enter sanctions against Defendants for deleting electronically stored information ("ESI") in violation of duties in discovery. *See* Dkt. Nos. 80 ("Mot." or "Motion") at 3. The Court, on November 4, 2025, held a hearing on the Motion where all parties appeared through counsel of record. *See* Dkt. Nos. 95, 100 ("Tr.").

On November 20, 2025, Defendant Trinidad notified the Court that she filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas. *See* Dkt. Nos. 104, 105. Pursuant to the automatic-stay provision of 11 U.S.C. § 362, the Court imposed a stay on all claims against Defendant Trinidad pending the outcome of the bankruptcy case. *See* Dkt. No. 110.

The Court on February 24, 2026, entered a Report and Recommendation recommending that the Motion for Sanctions be granted and a default judgment be entered against corporate Defendant Wild Tribe. *See* Dkt. No. 111. But in light of the stay on all claims against Defendant Trinidad, the Court's February 24, 2026, Report and Recommendation made no findings of fact or conclusions of law as to Defendant Trinidad individually. *See id.* at 2, n.1. The Report and Recommendation did however include all relevant allegations of spoliation by Defendant Trinidad for reference. *See id.* at 2-8.

L&G on March 3, 2026, filed a Notice advising the Court that the United States Bankruptcy Court for the Western District of Texas dismissed Defendant Trinidad's bankruptcy case with

prejudice and barred her from re-filing for a period of 18 months. *See* Dkt. No. 116. On March 4, 2026, the Court lifted the stay as to Defendant Trinidad. *See* Dkt. No. 120.

In light of the Court having lifted the stay as to claims against Defendant Trinidad, the Court hereby incorporates by reference all findings of fact and conclusions of law made in its prior Report and Recommendation. *See* Dkt. No 111. As discussed at length in that prior Report and Recommendation, the Court makes the following factual findings as to Trinidad:

L&G served its first set of discovery requests on Trinidad on November 9, 2023. They requested, *inter alia*, communications between Defendants and nonparty competitors Dublinski, Pujelo, O'Neil, and Hawkins discussing L&G, its owner, or the marks at issue. Mot. at 5-6, 15-16; *see also* Dkt. No. 35 at 3. On January 4, 2024, Trinidad responded to L&G's requests that no documents existed or otherwise objected to the requests. Mot. at 6; *see also* Dkt. No. 35 at 3. L&G provided a discovery deficiency letter concerning Defendants' failure to identify and produce the relevant communications, but Trinidad didn't change or supplement her responses. Mot. at 7. Accordingly, L&G filed its first Motion to Compel on March 28, 2025, requesting that the Court order Defendants to produce the requested communication and also raising concerns about potential spoliation. *See* Dkt. No. 35 at 4, 12.

The Court held a hearing on May 21, 2025, concerning the Motion to Compel where all parties appeared through counsel of record. *See* Dkt. No. 44. The Court granted in part and denied in part L&G's Motion to Compel, ordering L&G to rephrase any ambiguous or unclear requests and ordering Defendants to produce the requested communications. Dkt. No. 49 at 1. Concerned about the spoliation allegations, the Court also ordered Defendants to provide a declaration from Trinidad, submitted under penalty of perjury, that:

> 1) Explains the timing and nature of all steps taken by Defendant Trinidad to preserve any and all discoverable electronically stored information once her duty

to preserve such information attached, which is to say once Defendants reasonably anticipated litigation. *See* Fed. R. Civ. P. 37(e)

2) Explains under penalty of perjury that Defendants have responded in full to any production requests which have been provided as of the filing of the declaration.

3) Explains in detail what electronically stored information of Defendants that would have been responsive to a discovery request has been deleted, as well as when and why it was deleted and who deleted it. If Defendants contend that only non-discoverable information was deleted, then the nature of such information should be described in sufficient detail to permit the Court to make a determination about whether it in fact was or was not discoverable.

*Id.* at 2. The Court warned that "if there is any discoverable information deleted from Defendant Trinidad's phone after the hearing, or any alterations to the discoverable information on the phone or other discoverable [ESI], such actions would be compelling evidence of intentional destruction of evidence that may lead to appropriate sanctions or penalties under Rule 37(e), which may include entry of a default judgment." *Id.* at 3 (citing Fed. R. Civ. P. 37(e)(2)).

Through her declaration, Trinidad attested that she never "deleted, destroyed or concealed anything that [she] thought was relevant to this lawsuit[.]" Dkt. No. 56-2 at 2. While Trinidad purported to have made efforts to save everything *she thought was relevant*, she admitted to "periodically clean[ing] [her] phone" to preserve storage. *Id.* at 3. Trinidad also claimed that after receiving the discovery requests from L&G, Trinidad "determined that the conversations" she had with nonparty competitors "were not responsive as they were private conversations" where Trinidad was "venting . . . privately to friends." *Id.* at 3-4.

L&G deposed individual Defendant Trinidad on July 15, 2025. Mot. at 9; App. at 7-39, 352-55. Trinidad testified that her phone automatically deleted messages every 30 days, beginning on a date prior to this litigation and continuing up until May 2025, for purposes of preserving her phone's storage. Mot. at 9; App. at 22-24. Trinidad nonetheless testified that she had a terabyte of storage available on iCloud for her phone. Mot. at 9; App. at 354. Trinidad admitted that because

4

her phone was set to automatically delete messages every 30 days, all group messages between Trinidad, O'Neil, and Hawkins, as well as messages between Trinidad and Pujelo, were deleted. Mot. at 9, 19; App. at 18-19, 38-39. Trinidad further admitted that she deleted emails, *id.* at 11-12, which would have included emails between Trinidad and Howton, *see id.* at 144, 153. Mot. at 10.

L&G moves for sanctions against Defendants for spoliation pursuant to Rule 37. *See* Mot.; *see also* Fed. R. Civ. P. 37. L&G contends that over the course of this litigation, Defendants deleted communications with alleged co-infringers, as well as communications about Plaintiff L&G and its owner between Defendants, non-party competitors, and others, in violation of Defendants' discovery obligations, particularly to preserve ESI. *See* Mot.; *see also* Dkt. No. 16. Defendants, at the November 4, 2025, hearing, withdrew their response in opposition to the Motion for Sanctions, and Defendants now concede liability on the issues raised in the Motion. *See* Tr. at 25:2-27:10. L&G requests that the Court impose a death penalty sanction or alternatively direct an adverse jury instruction as to the destroyed evidence in connection with the Motion for Sanctions for Spoliation. Mot. at 21. Like Defendant Wild Tribe, Defendant Trinidad effectively asked at the November 4 hearing for entry of an adverse judgment. *See* Tr. at 18:25-21:22; *see id* 3:10-24.[1]

### Analysis

The Court's prior legal conclusions that applied to all Defendants except Defendant Trinidad apply with equal force to Trinidad, now that claims involving her are no longer stayed.

---

[1] *See also* Tr. 19:2-7 ("Our clients want this case over. They're here to get a judgment that will sort of get rid of any concern they have that this may not be reopened. They'll have a judgment. They'll actually have to go through a bankruptcy process. And all that will play out. And if, in fact, it's not true, they'll have the judgment against them").

### A.    Defendants Destroyed Evidence in Violation of Rule 37(e).

To apply Rule 37(e) sanctions for spoliation a court must determine that a party "failed to take reasonable steps to preserve" ESI "that should have been preserved in the anticipation or conduct of litigation" and that "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). District Courts in this Circuit have identified four predicate elements required to impose Rule 37(e) sanctions, including: "(1) there is ESI that should have been preserved; (2) that ESI has been lost; (3) the ESI was lost because of a party's failure to take reasonable steps to preserve it; and (4) the ESI cannot be restored or replaced." *See Cleary v. Am. Airlines, Inc.*, No. 4:21-cv-001840-RO, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022) (quoting *Via Vadis, LLC v. Amazon.com, Inc.*, No. 1:14-cv-00813-LY, 2021 WL 3134257, at *3 (W.D. Tex. July 23, 2021)). The party seeking the spoliation sanction bears the burden of proof. *Ashton v. Knight Transp., Inc.*, 772 F.Supp.2d 772, 799 (N.D. Tex. 2011) (internal quotation marks omitted).

There is no dispute that ESI has been lost and that it should have been preserved. Defendants' duty to preserve arose, at latest, in April 2023, when L&G filed its Complaint. It likely arose much earlier than that. *See Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) ("A party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant.") (citation omitted). Trinidad indisputably deleted message exchanges concerning L&G, Amanda Fournier, and the marks at issue between Trinidad and nonparty competitors, as well as between Howton and Trinidad, months after the duty arose. *See generally* Mot.

More specifically, Trinidad testified that her phone was set to automatically delete messages every thirty days up until the hearing on May 21, 2025. Mot. at 19; App. at 22-23. The deleted messages included messages Trinidad was required to preserve, including messages with nonparty competitors O'Neil, Hawkins, and Pujelo as well as with Christiana Howton. Mot. at 19;

App. at 22-27, 164-65; *see also Ringers Techs. LLC v. Harmer*, No. 4:18-CV-4347, 2020 WL 6385813, at *2 (S.D. Tex. Aug. 17, 2020) (citing Fed. R. Civ. P. 37(e), advisory committee's notes, 2015 Amends.), *report and recommendation adopted*, 2020 WL 6384349 (S.D. Tex. Oct. 30, 2020) ("When the duty arises, even information subject to routine deletion may fall within the duty's reach, requiring that the deletion process be interrupted.").

The lost ESI is directly attributable to Trinidad's failure to take reasonable steps to preserve. Indeed, the allegations in the Motion go beyond failure to take reasonable steps to preserve and allege Defendants intentionally destroyed the ESI. It's undisputed that Trinidad declared under penalty of perjury that she deleted relevant messages in violation of her preservation obligations. *See* Mot. at 17-18; *see also* App. at 25-27, 142-50. Suffice it to say that the Court is convinced Trinidad deleted ESI between herself and key witnesses relevant to the litigation in violation of her obligation to preserve such evidence. And because Trinidad's destruction could have been easily avoided, Trinidad failed to take reasonable steps to preserve it. The Parties also don't dispute that the deleted messages are unrecoverable. Mot. at 20.

L&G has therefore met its burden to establish the predicate elements of Rule 37(e), and sanctions are therefore appropriate.

**B.      A Death Penalty Sanction Against Defendant Trinidad is Warranted.**

The Court turns next to the appropriate remedy. If a party's failure to preserve ESI prejudices the party seeking discovery, the Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Courts may impose certain severe sanctions—such as an adverse presumption, an adverse jury instruction, or entry of a default judgment for the intentional failure to preserve relevant ESI—but only after a finding that the party "acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P.

37(e)(2)(A)–(C).[2] If the court does not find that the spoliating party acted with an intent to deprive, but still determines that the loss of ESI prejudiced another party, it may then impose lesser sanctions that are "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). The Court contemplates entry of a default judgment here.

A heightened standard applies when a party seeks the imposition of litigation-ending ("death penalty") sanctions. *Law Funder, LLC v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019). Broadly speaking, a default judgment is an appropriate sanction under Rule 37(e) only when the destruction of evidence is intentional, thorough, and unsuccessfully concealed. *Balancecxi, Inc. v. Int'l Consulting*, No. 1:19-CV-0767-RP, 2020 WL 6886258, at *14 (W.D. Tex. Nov. 24, 2020), *report and recommendation adopted by* 2021 WL 2194900 (W.D. Tex. Feb. 3, 2021) (granting default judgment where the defendants "deleted evidence multiple times, did so intentionally, and did so despite knowing they had a duty to preserve the evidence"); *see also Quantlab Tech. Ltd. (BGI) v. Godlevsky*, No. 4:09-cv-04039-KPE, 2014 WL 651944, at *9 (S.D. Tex. Feb. 19, 2014) (identifying egregious cases for a default judgment sanction "as where a party has engaged in perjury, tampering with evidence, or intentionally destroying evidence.") (citation omitted). For a lesser sanction, the Court must "determine the sanctions are just and related to the particular claim

---

[2] The 2015 version of Rule 37(e) does not mention "bad faith" and instead requires a showing that the party at fault acted with the "intent to deprive another party of the information." District Courts have noted that since the adoption of Rule 37(e)(2), the "Fifth Circuit has not clarified whether its prior spoliation jurisprudence has been abrogated or otherwise amended pursuant to the amendment of Rule 37(e)." *See e.g.*, *Balancecxi, Inc. v. Int'l. Consulting,* 1:19-cv-0767-RP, No. 2020 WL 6886259 (W.D. Tex. Nov. 24, 2020) (quoting *Barnett v. Deere & Co*., 2016 WL 4544052, at *2 (S.D. Miss. Aug. 31, 2016)). But that is irrelevant when, like here, Defendants concede that their actions were taken in bad faith, since they knowingly and intentionally destroyed evidence they were obligated to preserve.

which was at issue in the order to provide discovery." *Law Funder, LLC*, 924 F.3d at 758 (citations and internal quotations omitted).

The rules involving death-penalty sanctions have evolved. Before the 2015 amendments to Rule 37(e), Courts required a showing of four additional matters to impose a litigation-ending sanction: "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially prejudice[d] the opposing party'; and (4) a lesser sanction would not 'substantially achieve the desired deterrent effect.'" *Id.* at 758-59 (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)). Following the 2015 amendments, however, courts no longer require a showing of prejudice when the heightened findings required by Rule 37(e)(2) are found. *See Balancexci, Inc.*, 2020 WL 6886258, at *13 n.9 (stating, "Rule 37(e) does not require a showing of prejudice when the heightened findings required by section (e)(2) have occurred" and referencing the Committee Notes to the 2015 amendments.).

Defendant Trinidad's willful and bad faith destruction is conceded and evident by the unchallenged—indeed conceded—factual allegations presented above. Defendants admit to destroying an unknown number of text messages, emails, and internet messages between each other as well as between Defendants and other nonparty competitors relevant to this litigation, the alleged infringement, and corresponding damages. The messages, as conceded by Defendants, were deleted intentionally for the purpose of covering up the alleged infringement. And Defendants admit to committing perjury in their declarations to justify the ongoing destruction of relevant ESI. Mot. at 16-17.

9

Defendants are responsible for the violation. Indeed, counsel for Defendants moved to withdraw on October 10, 2025. *See* Dkt. No. 89. Defendants, however, failed to adhere to their discovery obligations and therefore should be held responsible for their violations.

Even if a showing of prejudice were required, it would be warranted here. Defendants concede that the evidence destroyed supports L&G's claims. And "[a] party suffers prejudice where it cannot present evidence essential to its underlying claim." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.,* 833 F. App'x 565, 575 (5th Cir. 2020) (citation and internal quotation mark omitted). As conceded by Trinidad, the deleted communications are relevant to her culpable mindset and L&G's potential damages. *See* Mot. at 20. More specifically, Howton deleted messages between Howton and Trinidad related to Wild Tribe's social media content, which is directly relevant to the purported infringement of L&G's marks and Defendants alleged bad faith. *Id.* Moreover, Trinidad auto-deleted messages between Trinidad and Christiana Howton, Wild Tribe's bookkeeper. *Id*. at 19-20. Such messages, concedes Trinidad, contained evidence implicating L&G's potential damages, including evidence of discussions concerning Wild Tribe's sales, profits, revenues, and other financials of Wild Tribe. *Id.* at 20.

Lesser sanctions would not adequately deter Defendant Trinidad. "[W]hen a party not only fails to meet his obligation to preserve evidence, but does so intentionally, and, as here, affirmatively destroys evidence multiple times, the sanction must be severe, as civil litigants must know that actions such as these will not be tolerated, lest more parties engage in them." *Balancecxi, Inc.*, 2020 WL 6886258, at *13. Any lesser sanctions would not adequately punish Defendants in a manner proportionate to their continued pattern of intentional destruction of relevant evidence.

Accordingly, the Court recommends that all liability recommended against corporate Defendant Wild Tribe apply to individual Defendant Trinidad. Defendant Trinidad concedes to

destroying electronically stored information in violation of Rule 37(e) and L&G satisfies the four predicate elements required to impose Rule 37(e) sanctions against Defendant Trinidad. *See* Dkt. No. 111 at 8-10. And in light of Defendant Trinidad's ongoing destruction, and as more thoroughly explained and incorporated herein in the prior Report and Recommendation, a death penalty sanction against Defendant Trinidad is warranted. *See* Dkt. No. 111 at 10-13.

### Conclusion and Recommendation

For the reasons discussed in the Court's prior Report and Recommendation, *see* Dkt. No. 111, it is recommended that the Court (1) enter a default judgment as to liability alleged against individual Defendant Alyssa Trinidad on Counts 1, 2, 3, 4, & 5 in the Complaint, *see* Dkt. No. 1, and (2) order that individual Defendant Trinidad be held jointly and severally liable for the recommended award of attorneys' fees and expenses Plaintiff L&G incurred in filing and arguing the Motion for Spoliation and obtaining the requested discovery.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are

being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 10th day of March, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE