UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

March 11, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____**CM**_____
DEPUTY

| | |
|---|---|
| LITTLE & GORGEOUS INC., | § |
| | § |
| Plaintiff, | § |
| v. | §    5:23-CV-00533-MA |
| | § |
| WILD TRIBE SCREEN PRINTS LLC, | § |
| ALYSSA TRINIDAD, | § |
| | § |
| Defendants. | § |

**OPINION AND ORDER**

On this date the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation in the above-numbered and styled case, filed February 24, 2026.[1]

This is a trademark-infringement case. Plaintiff Little & Gorgeous d/b/a Wild & Gorgeous d/b/a Wild & Gorgeous Transfers ("L&G") alleges that Defendants Wild Tribe Screen Prints LLC ("Wild Tribe") and Alyssa Trinidad a/k/a Alyssa Terrazas infringed several of its trademarks by using confusingly similar marks on its products, websites, and social media.[2] L&G asserts claims of trademark infringement, unfair competition, and unjust enrichment under federal and state law, and seeks monetary damages and a permanent injunction: (1) enjoining Defendants and all collaborators from using or registering marks confusingly similar to Plaintiff's marks in any business and promotional materials; and (2) compelling the destruction or deletion of infringing materials and online content.[3]

---

[1] Dkt. No. 111.
[2] Dkt. No. 18–26.
[3] Dkt. No. 1, at 26–27.

Plaintiff commenced this action on April 23, 2023,[4] and the parties conferred under Fed. R. Civ. P. 26(f) on June 23, 2023.[5] The parties submitted their Joint Discovery/Case Management Plan on July 17, 2023.[6] In this filing, the parties agreed that they "[we]re aware of their duties . . . relating to the preservation, collection, search, review, and production of [electronically stored information]," and agreed to collect and retain relevant materials "from and after January 1, 2016."[7]

On August 20, 2025, L&G filed its Motion for Sanctions for Spoliation.[8] In its motion, L&G requested that the Court enter sanctions against Defendants for deleting various electronically stored information ("ESI") during discovery, including communications between Defendant Alyssa Trinidad and Defendant Wild Tribe's owner, Wendy Howton, and between Defendants and various nonparty business competitors.[9] L&G further alleged that Defendants committed perjury to conceal this destruction of evidence, denying that such documents had existed.[10] L&G requested that the Court impose a death penalty sanction or, alternatively, direct an adverse jury instruction regarding the destroyed materials.[11]

A hearing on L&G's Motion for Sanctions for Spoliation was held on November 4, 2025.[12] Defendants responded to L&G's motion on September 8, 2025,[13] but ultimately withdrew their response and conceded liability at this November 4 hearing.[14] Nevertheless, given the severity of

---

[4] Dkt. No. 1.
[5] Dkt. No. 16, at 1.
[6] Dkt. No. 16.
[7] Dkt. No. 16, at 11–13.
[8] Dkt. No. 80.
[9] Dkt. No. 80, at 4–6, 18.
[10] Dkt. No. 80, at 6, 18; App. at 11–12, 18–19, 22–24, 38–39, 151–52, 154–155, 157, 161–63, 168; *see also* Dkt. Nos. 56-1, at 3–5; 56-2, at 2–4.
[11] Dkt. No. 80, at 21.
[12] Dkt. No. 100.
[13] Dkt. No. 78.
[14] Dkt. No. 100., at 20, 26–27.

the sanctions L&G requested, the Magistrate Judge considered the motion on the merits and independently found that all predicate Rule 37(e) elements were satisfied: (1) relevant ESI existed that should have been preserved; (2) that ESI was lost; (3) the loss resulted from Defendants' failure to take reasonable steps to preserve the ESI after their preservation duty attached; and (4) the lost information cannot be restored or replaced.[15] The Magistrate Judge further found, based on Defendants' own admissions, that this destruction of ESI was done repeatedly, intentionally, and undertaken in bad faith, meeting the Fifth Circuit's heightened standard for litigation-ending sanctions.[16] Although the Magistrate Judge also concluded that Defendants' conduct substantially prejudiced L&G, the court noted that prejudice is not a prerequisite to imposing the severe sanctions authorized by Rule 37(e)(2) once intent to deprive is shown.[17]

The Magistrate Judge found that Defendant Wild Tribe's failure to obtain legal counsel after terminating its attorney-client relationship with its counsel of record provided an independent and appropriate basis for a default judgment against it.[18] Finally, because L&G incurred significant expenses pursuing third-party discovery made necessary by Defendants' spoliation and obstruction, the Magistrate Judge found an award of reasonable attorneys' fees and expenses related to those efforts warranted under Rule 37.[19] After the hearing, but before the Magistrate Judge issued his Report and Recommendation, Alyssa Trinidad filed a suggestion of Bankruptcy.[20] Thus, the case against her was stayed[21] and the Report and Recommendation addresses only Defendant Wild Tribe.

---

[15] Dkt. No. 111, at 9–10 (citing *Cleary v. Am. Airlines, Inc.*, No. 4:21-cv-001840-RO, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022) (quoting *Via Vadis, LLC v. Amazon.com, Inc.*, No. 1:14-cv-00813-LY, 2021 WL 3134257, at *3 (W.D. Tex. July 23, 2021)).

[16] Dkt. No. 111, at 10–14 (citing *Law Funder, LLC v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019)).

[17] Dkt. No. 111, at 12.

[18] Dkt. No. 111, at 14.

[19] Dkt. No. 111, at 15–16.

[20] Dkt. No. 105.

[21] Dkt. No. 110.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff filed no objections to this Report and Recommendation. Nevertheless, on March 9, 2026, Defendant Alyssa Trinidad filed a "Response to Plaintiff's Objections to the Report and Recommendation"[22] requesting "that the Court adopt the Magistrate Judge's Report and Recommendation in its entirety . . ."[23] Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation. Plaintiff's Motion for Sanctions and Spoliation is **GRANTED**. The Court **ORDERS** that default judgment on liability is hereby **ENTERED** against Defendant Wild Tribe on Counts One through Five of the Complaint. The Court further awards to Plaintiff L&G its reasonable attorneys' fees and expenses incurred in litigating the sanctions motion and in obtaining the discovery necessitated by Defendants' spoliation. Plaintiff shall submit its request pursuant to Rule 54(d)(2).[24]

The Clerk is **DIRECTED** to mail copies of this Order to Alyssa Trinidad at 15760 IH 35 S, Atascosa, Texas 78002, and to Wild Tribe Screen Prints LLC at 19161 Benton City Road, Von Ormy, Texas 78073.

---

[22] Dkt. No. 134.
[23] Dkt. No. 134, at 1.
[24] FED. R. CIV. P. 54(d)(2).

The adoption of this Report and Recommendation covers only the issue of liability. The

Court will issue a separate order addressing further relief.

IT IS SO ORDERED.

DONE this 11th day of March, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE