FILED

March 26, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ CM _____

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LITTLE & GORGEOUS INC.,                §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §    5:23-CV-00533-MA
                                       §
WILD TRIBE SCREEN PRINTS LLC,          §
ALYSSA TERRAZAS A/K/A ALYSSA           §
TRINIDAD,                              §
                                       §
        Defendants.                    §

**OPINION AND ORDER**

On this date the Court considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation in the above-numbered and styled case, filed March 10, 2026.[1]

## I.    FACTUAL BACKGROUND

This is a trademark-infringement case. Plaintiff Little & Gorgeous d/b/a Wild & Gorgeous d/b/a Wild & Gorgeous Transfers ("L&G") alleges that Defendants Wild Tribe Screen Prints LLC ("Wild Tribe") and Alyssa Terrazas a/k/a Alyssa Trinidad ("Terrazas") infringed several of its trademarks by using confusingly similar marks on its products, websites, and social media.[2] L&G asserts claims of trademark infringement, unfair competition, and unjust enrichment under federal and state law, and seeks monetary damages and a permanent injunction: (1) enjoining Defendants and all collaborators from using or registering marks confusingly similar to Plaintiff's marks in any business and promotional materials; and (2) compelling the destruction or deletion of infringing materials and online content.[3]

---

[1] Dkt. No. 142.
[2] Dkt. No. 1, at 18–26.
[3] Dkt. No. 1, at 26–27.

Plaintiff commenced this action on April 23, 2023,[4] and the parties conferred under Fed. R. Civ. P. 26(f) on June 23, 2023.[5] The parties submitted their Joint Discovery/Case Management Plan on July 17, 2023.[6] In this filing, the parties agreed that they "[we]re aware of their duties . . . relating to the preservation, collection, search, review, and production of [electronically stored information]," and agreed to collect and retain relevant ESI "from and after January 1, 2016."[7] L&G served discovery requests on November 9, 2023, seeking, among other things, communications between Defendants and certain nonparty competitors regarding L&G, its owner, or the marks at issue. Defendants asserted objections and stated that no such documents existed.[8] Defendants did not supplement their responses after L&G issued a deficiency letter.[9]

L&G filed a Motion to Compel on March 28, 2025.[10] Following a May 21, 2025 hearing, the Magistrate Judge granted L&G's motion in part, ordering Defendants to produce responsive communications and requiring Terrazas to submit a sworn declaration detailing her efforts to preserve electronically stored information ("ESI"), confirming full compliance with discovery obligations, and identifying any deleted responsive information.[11] The Court also warned that any post-hearing deletion or alteration of discoverable ESI could result in sanctions, including default judgment.[12]

In her declaration, Terrazas stated she had not knowingly deleted relevant information but acknowledged periodically deleting data from her phone and determining that certain

---

[4] Dkt. No. 1.
[5] Dkt. No. 16, at 1.
[6] Dkt. No. 16.
[7] Dkt. No. 16, at 11–13.
[8] Dkt. No. 80-1, at 57, 62–63.
[9] Dkt. No. 80, at 7.
[10] Dkt. No. 35.
[11] Dkt. Nos. 44, 45, at 1–2.
[12] Dkt. No. 45, at 3.

communications were nonresponsive "as they were private conversations."[13] At her July 15, 2025 deposition, however, Terrazas testified that her phone was set to automatically delete messages every 30 days, resulting in the loss of communications with nonparty competitors, and that she also deleted emails, despite having substantial cloud storage available.[14]

On August 20, 2025, L&G filed its Motion for Sanctions for Spoliation.[15] In its motion, L&G requested that the Court enter sanctions against Defendants for deleting various electronically stored information ("ESI") during discovery, including communications between Terrazas and Wild Tribe's owner, Wendy Howton, and between Defendants and various nonparty business competitors.[16] L&G further alleged that Defendants committed perjury to conceal this destruction of evidence, denying that such documents had existed.[17] L&G requested that the Court impose a death penalty sanction or, alternatively, direct an adverse jury instruction regarding the destroyed materials.[18]

A hearing on L&G's Motion for Sanctions for Spoliation was held on November 4, 2025.[19] Defendants responded to L&G's motion on September 8, 2025,[20] but ultimately withdrew their response and ultimately expressed a willingness to accept an adverse ruling on Plaintiff's motion at the November 4 hearing.[21]

---

[13] Dkt. No. 56-2, at 2–4.
[14] Dkt. No. 80-1, at 11–12, 18–19, 22–24, 38–39.
[15] Dkt. No. 80.
[16] Dkt. No. 80, at 4–6, 18.
[17] Dkt. No. 80, at 6, 18; App. at 11–12, 18–19, 22–24, 38–39, 151–52, 154–155, 157, 161–63, 168; *see also* Dkt. Nos. 56-1, at 3–5; 56-2, at 2–4.
[18] Dkt. No. 80, at 21.
[19] Dkt. No. 100.
[20] Dkt. No. 78.
[21] Dkt. No. 100, at 19–20, 26–27.

On November 20, 2025, Terrazas filed for Chapter 7 bankruptcy.[22] The case was stayed as to Terrazas during the pendency of her bankruptcy proceedings from December 19, 2025,[23] until March 4, 2026.[24]

On February 24, 2026, the Magistrate Judge issued a Report and Recommendation (Wild Tribe R&R) on the motion with respect to Defendant Wild Tribe recommending that the Motion for Sanctions be granted and default judgment be entered against Defendant Wild Tribe on all five counts.[25] The Report and Recommendation included all relevant allegations of spoliation by Terrazas, but made no findings of fact or conclusions of law as to her in light of the ongoing stay.[26] The Court adopted this Report and Recommendation on March 11, 2026.[27]

## II.   DISCUSSION

The stay as to all claims against Terrazas having now been lifted, the Magistrate Judge considered the Motion for Sanctions for Spoliation as to Defendant Alyssa Terrazas and adopted the same findings and facts and conclusions of law made in the prior Report and Recommendation.[28]

Given the severity of the sanctions L&G requested, the Magistrate Judge again considered the motion on the merits and independently found that all predicate Rule 37(e) elements were satisfied: (1) relevant ESI existed that should have been preserved; (2) that ESI was lost; (3) the loss resulted from Defendants' failure to take reasonable steps to preserve the ESI after their

---

[22] Dkt. No. 104.
[23] Dkt. No. 110.
[24] Dkt. No. 120.
[25] Dkt. No. 111, at 9–16.
[26] *See* 111, at 2 n.1, 2–8.
[27] Dkt. No. 163.
[28] Dkt. No. 142, at 3.

preservation duty attached; and (4) the lost information cannot be restored or replaced.[29] The Magistrate Judge further found, based on Terrazas's own admissions, that this destruction of ESI was done repeatedly, intentionally, and undertaken in bad faith, meeting the Fifth Circuit's heightened standard for litigation-ending sanctions.[30] Although the Magistrate Judge concluded that Terrazas's conduct substantially prejudiced L&G, the court noted that prejudice is not a prerequisite to imposing the severe sanctions authorized by Rule 37(e)(2) once intent to deprive is shown.[31]

Finally, because L&G incurred significant expenses pursuing third-party discovery made necessary by Defendants' spoliation and obstruction, the Magistrate Judge adopted its finding in its previous Report and Recommendation that L&G be awarded reasonable attorneys' fees and expenses related to those efforts warranted under Rule 37.[32]

### III.    OBJECTIONS

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff filed no objections to this Report and Recommendation. Terrazas did not timely object but now, through counsel, moves for leave to file late objections.[33] In light of the fact that Terrazas was proceeding pro se during most of the fourteen-day period, was dealing with an asset freeze, and the proposed objections are only one day late, the Court GRANTS the motion for leave. Accordingly, the Court will consider

---

[29] Dkt. No. 142, at 6–7 (citing *Cleary v. Am. Airlines, Inc.*, No. 4:21-cv-001840-RO, 2022 WL 5320126, at *7 (N.D. Tex. July 22, 2022) (quoting *Via Vadis, LLC v. Amazon.com, Inc.*, No. 1:14-cv-00813-LY, 2021 WL 3134257, at *3 (W.D. Tex. July 23, 2021)).

[30] Dkt. No. 142, at 7–11 (citing *Law Funder, LLC v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019)).

[31] Dkt. No. 142, at 10.

[32] Dkt. No. 142, at 11.

[33] Dkt. No. 222.

the objections[34] as timely filed.

Pursuant to 28 U.S.C. § 636(b)(1)(c),[35] the Court makes a de novo determination of those portions of the report to which objections have been made.

Terrazas puts forth six objections to the R&R. The Court addresses each but groups Objections 1, 2 and 3 as they each address the issue of intentionality. To be clear, the Magistrate Judge specifically made the requisite finding of intent.[36] Terrazas nonetheless asserts that the evidence does not support that finding. The Court's review of the record supports the Magistrate Judge's findings.

In addressing intentionality, the Magistrate Judge relied on the November 4, 2025 hearing and the evidence presented therewith. While the Magistrate Judge considered Defendants' withdrawal of the response to the spoliation motion and their agreement to an adverse judgment,[37] he nonetheless based his decision on the evidence presented. The existing record amply supports a finding of intentional destruction as to Defendant Alyssa Terrazas.

The depositions of Terrazas and Wendy Howton reveal that at least some portion of Wild Tribe's emails with customers, which Terrazas managed, and communications between Terrazas and Wild Tribe's owner were manually deleted during this litigation.[38] Terrazas claims she was unaware of her duty to preserve information until Plaintiff filed its initial motion to compel,[39]

---

[34] Dkt. No. 223.

[35] See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

[36] Dkt. No. 142, at 8.

[37] See Dkt. No. 100, at 19–20, 26 (stating that Defendants were "prepared to withdraw their response and objection to th[e spoliation] motion with one carve-out . . . that [D]efendants are not prepared to . . . concede that defense counsel could or should be liable for any sanctions . . ."), 31 ("To the extent that defendants are agreeing to the entry of this order – they are – they're not agreeing to the Court ordering any kind of fees or costs or sanctions against counsel."). The Court notes that, throughout the record of the November 4, 2026 hearing, Defendants' counsel consistently spoke in the singular (e.g., "my client") despite appearing on behalf of both Wild Tribe and Terrazas on matters that concerned both Defendants. The Court construes counsel's statements at the hearing as reflecting the positions of both Wild Tribe and Terrazas.

[38] Dkt. No. 80-1, at 12, 153.

[39] Dkt. No. 29.

despite having represented to the Court twice that she was aware of her duty to preserve ESI two years prior, when the case commenced.[40] She further states that after receiving discovery requests for any communications "specifically with [certain nonparty competitors] and other groups of people," she "did a diligent search of all [her] devices" for information related to Plaintiff's requests "and determined that the conversations [she] had [with the certain nonparty competitors] were not responsive as they were private conversations with [her] venting about the lawsuit to friends and expressing [her] frustrations privately to friends."[41] Notably, however, when responding to Plaintiff's interrogatories and requests for production seeking these communications two years earlier, Defendants represented that no such communications existed at all and objected to the requests as a "mere fishing expedition" for irrelevant material.[42]

Notwithstanding these representations, Terrazas later admitted that she continued corresponding with at least some of the nonparty competitors identified in discovery during this litigation, but claimed that all such communications were deleted "inadvertently" by a 30-day automatic deletion setting that she did not disable until May 2025.[43] Terrazas admits that at least some of these deleted communications were with nonparty competitors specifically named in Plaintiff's discovery requests and concerned Plaintiff, pending litigation, and potentially infringing conduct.[44] Nevertheless, Terrazas claims that she only deleted materials she considered be "personal, private, [and] irrelevant to the lawsuit."[45]

Against the backdrop of this objective record of inconsistency and evasion, the Court is not convinced that Terrazas' deletion of ESI, whether through conscious action of a failure to prevent

---

[40] *See* Dkt. No. 16, at 11–13; 56-2, at 2.
[41] Dkt. No. 56-2, at 3–4.
[42] Dkt. No. 80-1, at 57, 62–63.
[43] Dkt. No. 80-1, at 22–23, 25–26, 37–39.
[44] See Dkt. 80-1, at 23, 25–26, 37–39.
[45] Dkt. No. 56-2, at 3.

automatic deletion, was the "inadvertent" result of "routine phone settings and normal device management practices."[46] On the contrary, the record supports a finding that Terrazas consciously deleted relevant information, repeatedly, for years, to impede Plaintiff's ability to pursue this litigation. Accordingly, the Court finds that Terrazas' conduct satisfies the standard of intentionality under Rule 37(e)(2).

In Objection No. 4, Terrazas asserts that the R&R simply incorporates findings from the Wild Tribe R&R. Although the Magistrate Judge did incorporate his earlier factual and legal findings, he then proceeded to make individualized factual and legal findings as to Terrazas.[47]

Objection No. 5 asserts that the Magistrate Judge failed to consider lesser sanctions before recommending death penalty sanctions. The Court considers this objection along with Objections No 6, that the record does not support a finding of irremediable prejudice. While the Court considers this objection, the Committee Notes to Rule 37 make it clear that "Subsection (e)(2) does not include a requirement that the court find prejudice to the party deprived of the information."

As the R&R correctly states, when a party fails to preserve electronically stored information ("ESI") in a manner that prejudices the opposing party, Federal Rule of Civil Procedure 37(e)(1) permits a court to "order measures no greater than necessary to cure the prejudice."[48] The Fifth Circuit has held that courts seeking to impose more severe sanctions, including default judgment, must find that: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation caused substantial prejudice; and (4) a lesser sanction would not "substantially" achieve the desired

---

[46] Dkt. No. 56-2, at 3.
[47] Dkt. No. 142, at 3, 5-11.
[48] FED. R. CIV. P. 37(e)(1).

deterrent effect.[49]

While Terrazas may disagree with the Magistrate Judge's conclusion, the R&R clearly sets out his consideration of lesser sanctions. Furthermore, the Magistrate Judge was entitled to consider that Defendants had withdrawn any opposition to the spoliation motion. Even so, the Court's own review of the record convinces the Court that any lesser sanction could not reasonably cure the prejudice. Terrazas proposes limited evidentiary instructions, reopening discovery, and cost-shifting.[50] None of these measures can substantially remedy the loss Plaintiff has suffered. Reopening discovery cannot recover what no longer exists, and while cost-shifting or fee awards might address some of the financial burden, they cannot restore the evidentiary value of the missing material. Even third-party would be insufficient.[51] Nor can an evidentiary instruction replicate the probative force of a decade of lost communications that might have related directly to liability and intent. The Court finds that, given the nature, scope, and intentionality of the spoliation, these or any other lesser measures would undercompensate the prejudice to Plaintiff while allowing Defendants to retain the benefit of their own misconduct.[52]

## IV.   CONCLUSION AND HOLDING

Having independently reviewed the entire record, applicable law, Report and Recommendation, and Terrazas's objections and supporting arguments, the Court's de novo review confirms that the Magistrate Judge correctly applied Rule 37(e) and the Fifth Circuit standards in concluding that Terrazas engaged in a prolonged and intentional destruction of key records that lesser sanctions would neither adequately deter nor remedy.

---

[49] *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019), *as revised* (June 6, 2019) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994).
[50] Dkt. No. 223, at 5.
[51] See Dkt. No. 80, at 309-31.
[52] Although not dispositive to its decision here, the Court notes that Defendants' failure to cooperate in discovery has continued. See Dkt. No 107 (Motion for Contempt) and Dkt. No. 219 (Order granting same).

As to those portions to which no objections have been made, in accordance with Federal Rule of Civil Procedure 72(b), the Court has reviewed the report for clear error and finds it to be neither clearly erroneous nor contrary to law.[53]

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's Motion for Sanctions and Spoliation as to Defendant Alyssa Terrazas is **GRANTED**. The Court **ORDERS** that default judgment on liability is hereby **ENTERED** against Defendant Alyssa Terrazas on Counts One through Five of the Complaint. The Court further awards to Plaintiff L&G its reasonable attorneys' fees and expenses incurred in litigating the sanctions motion and in obtaining the discovery necessitated by Defendants' spoliation. Plaintiff shall submit its request pursuant to Rule 54(d)(2).[54]

The adoption of this Report and Recommendation covers only the issue of liability. The Court will issue a separate order addressing further relief.

IT IS SO ORDERED.

DONE this 26th day of March, 2026, in San Antonio, Texas.

_____
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE

---

[53] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).
[54] FED. R. CIV. P. 54(d)(2).