UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
August 25, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

| | | |
|---|---|---|
| LITTLE & GORGEOUS, INC. d/b/a WILD & GORGEOUS and WILD & GORGEOUS TRANSFERS, | § | |
| Plaintiff, | § | |
| v. | § | 5:23-CV-00533-MA |
| WILD TRIBE SCREEN PRINTS, LLC and ALYSSA TERRAZAS A/K/A ALYSSA TRINIDAD, | § | |
| Defendants. | § | |

**OPINION AND ORDER**

The Court now considers Defendants Wild Tribe Screen Prints, LLC and Alyssa Terrazas's ("Defendants") "Expedited Motion Requesting Consideration of Defendants' Response in Opposition to Plaintiff's Motion for Leave to Serve Supplemental Expert Report and, Alternatively, Motion to Modify the Court Order"[1]; and Plaintiff's response.[2] For the reasons set out below, the Court **GRANTS** the motion to reconsider but **DENIES** the requested relief.

## I. Procedural Background

The background of this case is well set out in prior orders. The Court sets out only the procedural background relevant to the disposition of the pending motion.

On July 2, 2026, Plaintiff filed a "Motion for Leave to Serve Supplemental Expert Report."[3] In its motion, Plaintiff requested leave to serve a supplemental report produced by expert damages witness Mr. Blake W. Danielak ("Mr. Danielak") on July 2, 2026.[4] That report sought to

[1] Dkt. No. 277.
[2] Dkt. No. 283.
[3] Dkt. No. 272.
[4] Dkt. No. 272, at 1,

supplement Mr. Danielak's original October 3, 2025 report in response to financial records produced by Defendant Wild Tribe Screen Prints, LLC and its owner, Wendy Howton in March and April 2026.[5] Specifically, Plaintiff's report: (1) replaces the predictive estimates in Mr. Danielak's original report concerning Defendant Wild Tribe's Screen Prints, LLC's sales from August 2025 through October 3, 2025 with actual sales figures; and (2) provides a new report estimating Defendant Alyssa Terrazas's individual revenue attributable to the infringing conduct, which Mr. Danielak previously could not prepare because Defendants failed to produce the necessary financial records.[6]

The Court granted Plaintiff's motion as unopposed on July 20, 2026. That same day, Defendants filed a response,[7] along with the instant motion for reconsideration. In their motion, Defendants "request that the Court exercise its discretion to consider briefing that was filed essentially contemporaneously with the Court's Order and that likely was not before the Court at the time it ruled."[8] In the alternative, Defendants request that the Court amend its July 20, 2026 Order either to strike any portions of the supplement that uses "any new theories or alternative opinions not contained in the original report," or authorize limited discovery related to the supplemented portion of Mr. Danielak's report, to include permitting Defendants to depose Mr. Danielak and designate a rebuttal expert.[9]

## II. Discussion

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or

---

[5] Dkt. Nos. 219 at 3–5; 275-1, at 16–17, 20–21, 108–110, 129–133.
[6] Dkt. No.
[7] Dkt. No. 276.
[8] Dkt. No. 277, at 2.
[9] Dkt. No. 277, at 3.

clarification of the substantive law.'"[10] However, courts have consistently held that a motion to reconsider should not serve as a means to rehash arguments that were made, or could have been made in an earlier filing.[11] While there is no exact standard for evaluating a motion to reconsider, in exercising its discretion, the Court should consider newly available evidence, any equitable arguments, and the interest of justice.[12]

The Court first observes that Defendants' response was untimely. Defendants offered no explanation for the failure to timely respond, nor did they seek leave to respond untimely. This alone gives the Court the discretion to deny reconsideration. Even considering Defendants' motion and related briefing on the merits, however, the Court remains persuaded that Plaintiff established good cause to serve Mr. Danielak's supplemental report.

When considering whether good cause exists to permit a late expert witness disclosure, a district court considers: "(1) the explanation for the failure to timely disclose; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[13]

Those factors do not favor reconsideration here. Defendants' argument that Plaintiffs "w[ould] suffer no prejudice from the Court considering arguments that were filed approximately one hour after entry of the Order" is inapposite.[14] The prejudicial effect of Defendants' failure to fulfill its discovery obligations timely has been well-observed in this case, and the Court need not

---

[10] *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017) (citing FED. R. CIV. P. 54(b)).
[11] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *accord Caisse Nationale de Crédit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *United States v. Garcia*, 936 F.3d 1128, 1132 (10th Cir. 2019); *Belcik v. Comm'r of Internal Revenue*, No. 25-10099, 2025 WL 2779783, at *3 (11th Cir. Sept. 30, 2025) (quoting *Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamón, Inc.*, 54 F.4th 7, 19 (1st Cir. 2022) ("A motion for reconsideration must do more than 'repeat arguments previously made' or 'regurgitate[]' previous briefing.") (internal quotation marks omitted)).
[12] *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 337 (5th Cir. 2017).
[13] *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).
[14] Dkt. No. 277, at 4.

revisit this point at length here beyond observing that Mr. Danielak lacked the information to product his supplemental report before March 2026 at the earliest. Although two months passed between Defendants' final disclosure in April 2026 and the production of Mr. Danielak's July 2, 2026 supplemental report, Plaintiff's request cannot be characterized as a last-minute filing, as the Court has not yet scheduled proceedings to adjudicate the remaining disputes in this action.

Defendants assert that the portion of the supplemental report relating to Defendant Alyssa Terrazas' individual revenue constitutes an impermissible new "alternative opinion" because it involves methods of analysis and evaluation as to the nature and purpose of the financial records which Mr. Danielak did not employ in his original report, but concludes that this untimely disclosure was substantially justified.[15] As Mr. Danielak acknowledged in his original report, he could not produce even a preliminary estimate of Defendant Terrazas's individual infringing revenue sooner because Defendants had not produced the financial records necessary for him to do so.[16]

The Court reminds Defendants that it held both Wild Tribe Screen Prints, LLC and Wendy Howton in contempt of court for failure to produce documents. Only after Wendy Howton was to be detained pending compliance were the documents produced. Even then, it took quite some time before compliance was achieved. Any delay in supplementation is directly attributable to Defendants' failure to comply with their discovery obligations.

The Court is also not persuaded Mr. Danielak's supplement warrants the limited discovery Defendants request. Defendants possess or control the underlying financial records Mr. Danielak relied upon to produce his supplement and Defendants are therefore uniquely positioned to assess the accuracy of his representations and analysis.

---

[15] Dkt. No. 277, at 9–10.
[16] *See* Dkt. No. 275-1, at 16–17.

Accordingly, while the Court reconsiders its prior order, the Court does not find that modification of its July 20, 2026 Order is warranted. Defendants' requested relief in the motion to reconsider is **DENIED**.

IT IS SO ORDERED.

DONE this 25th day of August, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE